00496.19161/MGD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MOUNT VERNON FIRE
INSURANCE COMPANY,

    Plaintiff,

v.                                       CIVIL ACTION NO. 3:14-cv-00568-PLR-HBG

CANCER FUND OF AMERICA, INC.;
JAMES REYNOLDS, SR.; and
KYLE EFFLER,

    Defendants.

## STIPULATION

The parties, by their respective counsel, now stipulate and agree as follows:

1. Plaintiff, Mount Vernon Fire Insurance Company ("MVFIC") filed this Declaratory Judgment Action to have a policy of insurance which it had issued to Defendant, Cancer Fund of America ("CFA") declared void *ab initio* due to material misrepresentations made in the application for insurance. Alternatively, MVFIC sought a declaration that it has no duty to indemnify or defend any person or entity claiming to be insured by reason of fact that the claims made against them in an underlying case, styled of <u>FTC, et al. v. Cancer Fund of America, Inc, et al.</u>, in the United States District Court for the District of Arizona, under Cause No. 2:15-cv-00884 ("Underlying Case"), arose from conduct specifically excluded under the subject Policy of Insurance.

2. The Policies of Insurance issued by MVFIC, numbered NDO2009078 followed sequentially by policy numbers NDO2009078A, NDO2009078B,

NDO2009078C, NDO2009078D, and concluding with policy number NDO2009078E. ("Policies"), which constituted an uninterrupted series of policies are void *ab initio* pursuant to Tenn. Code Ann. § 56-7-103 due to inaccurate representations made in the application for insurance which had the effect of increasing the risk of loss to MVFIC under each and all the Policies.

3. Such inaccurate representations consisted of the failure to disclose the history of claims, charges, inquiries, and regulatory actions brought against CFA, including, but not limited to, the allegations, investigation, and claims by the State of Georgia in 2007, which occurred within a matter of months before CFA's President signed the application for insurance.

4. The Policies further contained certain exclusions for claims arising from or connected with certain events and the allegations in the Underlying Case, which would have precluded coverage for the claims alleged in the Underlying Case, even if the Policies were not void.

4. Because the policies should be void MVFIC is not obligated to furnish legal counsel or otherwise provide a defense on behalf of any defendant in the Underlying Case.

5. No coverage is afforded to any defendant under the Policies for the claims and demands made by or against them in connection with the Underlying Case.

6. The parties now agree to the entry of a final order in this action declaring the Policy void *ab initio* but that there shall be no requirement for either party to make any refunds or payments of any premiums in as much as MVFIC has incurred fees, costs and expenses in providing a reservation of rights defense in the Underlying Case

nor shall there be any award of any costs, attorney's fees, or expenses against the Defendants.

APPROVED FOR ENTRY:

*/s/ Daryl R. Fansler*
Daryl R. Fansler
W. Tyler Chastain
Bernstein, Stair & McAdams, LLP
116 Agnes Road
Knoxville, Tennessee 37919
(865) 546-8030
**Attorney for Cancer Fund of America, Inc.,
James Reynolds, Sr. and Kyle Effler**


*/s/ Michael G. Derrick*
Michael G. Derrick, Esq. (#14820)
SHUTTLEWORTH WILLIAMS, PLLC
22 North Front Street, Suite 850
Memphis, Tennessee 38103
(901) 529-7399
mderrick@shuttleworthwilliams.com

W. SCOTT HICKERSON (#26369)
SHUTTLEWORTH WILLIAMS, PLLC
800 South Gay Street, Suite 2031
Knoxville, Tennessee 37929
(865) 622-7118
wsh@shuttleworthwilliams.com
**Attorneys for Mount Vernon Fire Ins. Co.**