IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MOUNT VERNON FIRE
INSURANCE COMPANY,

    Plaintiff,

v.                                 CIVIL ACTION NO. 3:14-cv-00568-PLR-HBG

CANCER FUND OF AMERICA, INC.;
JAMES REYNOLDS, SR.; and
KYLE EFFLER,

    Defendants.

## ORDER AND FINAL JUDGMENT

This matter having come before the court on the Motion For Summary Judgment of Plaintiff, Mount Vernon Fire Insurance Company ("MVFIC") and the Court having considered the Motion, the Statement of Undisputed Facts, the affidavit of Christine Murray, the Memorandum of Law in support of the motion, the filed Stipulation of the parties, and the entire record in this cause, finds that:

    1.    Plaintiff, Mount Vernon Fire Insurance Company ("MVFIC") filed this Declaratory Judgment Action to have a policy of insurance which it had issued to Defendant, Cancer Fund of America ("CFA") declared void *ab initio* due to material misrepresentations made in the application for insurance. Alternatively, MVFIC sought a declaration that it had no duty to indemnify or defend any person or entity claiming to be insured by reason of fact that the claims made against them in an underlying case, styled of <u>FTC, et al. v. Cancer Fund of America, Inc, et al.</u>, in the United States District

1

Court for the District of Arizona, under Cause No. 2:15-cv-00884 ("Underlying Case"), arose from conduct specifically excluded under the subject Policy of Insurance.

2. The initial policy of insurance issued by MVFIC, numbered NDO2009078, was followed sequentially by policy numbers NDO2009078A, NDO2009078B, NDO2009078C, NDO2009078D, and concluding with policy number NDO2009078E ("Policies"). These "Policies" constituted an uninterrupted series of policies which are now void *ab initio* pursuant to Tenn. Code Ann. § 56-7-103 due to inaccurate representations made in the application for insurance because such misrepresentations had the effect of increasing the risk of loss to MVFIC under each and all of the Policies.

3. These inaccurate representations in the insurance application consisted of the failure to disclose the history of claims, charges, inquiries, and regulatory actions brought against CFA, including, but not limited to, the allegations, investigation, and claims by the State of Georgia in 2007. In particular, the Georgia claims occurred within a matter of months before CFA's President signed the application for insurance with MVFIC.

4. The "Policies" further contained certain exclusions for claims arising from or connected with certain events which are alleged in the Underlying Case. These exclusions would have precluded coverage for the claims alleged in the Underlying Case, even if the Policies were not void.

4. Because the "Policies" are void, MVFIC is not obligated to furnish legal counsel or otherwise provide a defense on behalf of CFA, James Reynolds, Sr., Kyle Effler or any defendant in the Underlying Case.

5. Because the "Policies" are void, no coverage is afforded to any defendant under the Policies for the claims and demands made by or against them in connection with the Underlying Case.

2

Case 3:14-cv-00568-PLR-HBG   Document 24   Filed 02/18/16   Page 2 of 4   PageID #: 1347

6. The parties to this Declaratory Judgment Action have agreed to the entry of a final order in this action declaring the Policies void *ab initio* but since MVFIC has incurred fees, costs and expenses in providing a reservation of rights defense to the Underlying Case, there shall be no requirement for either party to make any refunds or payments of any premiums. The parties further stipulate that there shall be no award of any costs, attorney's fees, or expenses against the Defendants.

ACCORDINGLY, IT IS ORDERED ADJUDGED AND DECREED that:

a. Final Judgment be and is hereby entered in favor of Mount Vernon Fire Insurance Company on its Motion for Summary Judgment seeking to have the "Policies" declared void *ab initio* due to misrepresentations in the application for insurance which increased the risk of loss;

b. Mount Vernon Fire Insurance Company has no duty to indemnify, pay on behalf of, or defend any person or entity in connection with either the "Policies" or the "Underlying Case;"

c. Neither Mount Vernon Fire Insurance Company nor any other person or entity is required to refund or return any premiums paid in connection with the "Policies;"

d. Each party shall bear their own costs and expenses and there shall be no award of fees, costs or expenses which have been incurred in connection with the reservation of rights defense previously provided by Mount Vernon Fire Insurance Company against the claims made in the "Underlying Case."

Dated: February 18, 2016

*/s/ Pamela L. Reeves*
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE

Case 3:14-cv-00568-PLR-HBG   Document 24   Filed 02/18/16   Page 3 of 4   PageID #: 1348

Seen and Approved for Entry:

**BERNSTEIN STAIR & McADAMS LLP**

    */s/ Daryl R. Fansler*
DARYL R. FANSLER (BPR # 010218)
W. TYLER CHASTAIN (BPR # 016029)
116 Agnes Road
Knoxville, Tennessee 37919
**Attorney for Cancer Fund of America, Inc.,
James Reynolds, Sr. and Kyle Effler**


**SHUTTLEWORTH WILLIAMS, PLLC**

    */s/ Michael G. Derrick*
MICHAEL G. DERRICK (#14820)
22 North Front Street, Suite 850
Memphis, Tennessee 38103
Telephone: (901) 526-7399
mderrick@shuttleworthwilliams.com

W. SCOTT HICKERSON (#26369)
800 South Gay Street, Suite 2031
Knoxville, Tennessee 37929
Telephone: (865) 622-7118
wsh@shuttleworthwilliams.com
**Attorneys for Mount Vernon Fire
Insurance Company**

4

Case 3:14-cv-00568-PLR-HBG   Document 24   Filed 02/18/16   Page 4 of 4   PageID #: 1349